IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRED CARPENTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13–cv–0655–MJR–SCW |
| | ) |
| CONOCOPHILLIPS CO., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM & ORDER

REAGAN, District Judge:

## BACKGROUND

The seven-count Complaint in this employment case includes claims under Title VII, the Americans with Disabilities Act, the Civil Rights Act of 1991, and Illinois law. Plaintiff, an employee for Defendant since 1988, alleges he was harassed, isolated, and constructively discharged for, *inter alia*, refusing to lie to the EEOC about an internal investigation and suffering from post-traumatic stress syndrome.

Defendant ConocoPhillips Co. has moved to strike and / or dismiss portions of the Complaint. Specifically, Defendant challenges Plaintiff's attempt to recover punitive damages for Intentional Infliction of Emotional Distress (Count Five), and Plaintiff's attempt to recover attorneys' fees for Counts Five, Six (Retaliation for Filing a Workers' Compensation Claim), and Seven (Defamation). Defendant also targets Count Six in its entirety, arguing that Illinois law does not recognize a cause

1

of action for workers' compensation-related retaliation in the absence of actual (as opposed to constructive) discharge. Count Six, Defendant argues, should be dismissed.

In his response, Plaintiff cedes that Illinois law does not provide for punitive damages (which he pled in Paragraph 51 and in Paragraph e of Count Five's prayer for relief) in an action for Intentional Infliction of Emotional Distress, nor does it allow for recovery of attorneys' fees (as he pled in his prayers for relief for Counts Five, Six, and Seven). Those portions of the Complaint will accordingly be stricken.

The Court turns, then, to Count Six, broadly titled "Retaliation for Filing a Workers' Compensation Claim" and containing the following pertinent language:

> Defendant … intentionally harassed, pressured and intimidated Plaintiff with the express purpose of exacerbating his post-traumatic stress syndrome * * * Defendant's retaliatory actions caused Plaintiff to suffer lost wages and benefits and he has suffered compensatory damages, including, but not limited to, a loss of self-esteem and enjoyment of life, embarrassment, humiliation, emotional distress and mental anguish. * * *

(Doc. 2, 14). An earlier, incorporated paragraph alleges that "[t]he harassment was unceasing until Plaintiff was left with no alternative but to quit on April 2, 2012." (Doc. 2, 8).

### MOTION TO DISMISS STANDARD

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court's task is to determine whether the complaint includes "enough facts to state a claim to relief that is plausible on its face." *Khorrami v. Rolince*, 539 F.3d 782, 788 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544

(2007)). The Court of Appeals for the Seventh Circuit has clarified that, even after *Twombly*, courts must still approach Rule 12(b)(6) motions by construing the complaint in the light most favorable to the non-moving party, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in the non-moving party's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)).

Legal conclusions and allegations that merely recite the elements of a claim are not entitled to the presumption of truth afforded to well-pled facts. *See McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011). Therefore, after excising any allegations not accepted as true, the Court must decide whether the remaining factual allegations plausibly suggest entitlement to relief. *Id.* In other words, the complaint must contain allegations plausibly suggesting—not merely consistent with—an entitlement to relief. *Id.* (citing *Twombly*, 550 U.S. at 557). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley*, 671 F.3d at 616 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 663–64 (2009)).

## ANALYSIS

Defendant posits that—absent actual discharge (which Plaintiff has not alleged)—Illinois does not recognize a tort for workers' compensation-related retaliation. Plaintiff responds with no caselaw, but points to Illinois Workers' Compensation Act, 820 ILCS 305/4(h), which provides:

> It shall be unlawful for any employer * * * to interfere with, restrain or coerce an employee in any manner whatsoever in the exercise of the

> rights or remedies granted to him or her by this Act or to discriminate, attempt to discriminate, or threaten to discriminate against an employee in any way because of his or her exercise of the rights or remedies granted to him or her by this Act.
>
> It shall be unlawful for any employer, individually or through any insurance company or service or adjustment company, to discharge or to threaten to discharge, or to refuse to rehire or recall to active service in a suitable capacity an employee because of the exercise of his or her rights or remedies granted to him or her by this Act.

The Supreme Court of Illinois analyzed that very provision in *Zimmerman v. Buchheit*. The Court declined to expand the tort of retaliatory discharge to include demotion, which the plaintiff had suggested be viewed as "discrimination" under 820 ILCS 305/4(h). ***Zimmerman v. Buchheitof Sparta, Inc.*, 645 N.E.2d 877, 884 (Ill. 1994)**. A "long line" of cases established the tort's "narrow construction," and the Court carefully instructed that the tort of retaliatory discharge is *not* a statutory cause of action implied from section 4(h), but rather a small exception to the at-will employment doctrine. *Id.* at 884–85. *Zimmerman* is still good law. Illinois' high court "has consistently sought to restrict the common law tort of retaliatory discharge. We have, however, *never* recognized a common law tort for any injury short of actual discharge." ***Metzger v. DaRosa*, 805 N.E.2d 1165, 1173 (Ill. 2004) (citing *Zimmerman*) (emphasis there)**.

The instant Plaintiff's position needs no further examination. Like the *Zimmerman* plaintiff, he has pled harassment, pressure, and intimidation that could be construed as constructive discharge—but not actual discharge. His attempt to support a common law retaliation claim by pointing to the Workers' Compensation Act rehashes an argument squarely rejected by the Illinois Supreme

Court twenty years ago.  Defendant's motion will be granted, and Count Six will be dismissed.

## CONCLUSION

For the reasons articulated above, Defendant's Motion to Strike and/or Dismiss (**Doc. 11**) is **GRANTED**.  The following are hereby **STRICKEN** from the Complaint:

- Paragraph 51;
- Paragraph e of Count Five's Plaintiff's Prayer for Relief;
- Paragraphs 52 and 62 (both references to attorneys' fees);
- References to attorneys' fees in:
    - Paragraph f of Count Five's Prayer for Relief; and
    - Paragraph f of Count Seven's Prayer for Relief.

Count Six is dismissed in its entirety.  Plaintiff's case now comprises Counts One through Five and Count Seven, minus the language stricken, *supra*.

On or before July 18, 2014, Plaintiff shall file a six-count First Amended Complaint consistent with this Memorandum & Order.

**IT IS SO ORDERED.**

DATE: July 11, 2014                                     s/ *Michael J. Reagan*
                                                        MICHAEL J. REAGAN
                                                        United States District Judge